# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 6, 2019

158006

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
           Plaintiff-Appellee,

v                                                                    SC: 158006
                                                                     COA: 334824
                                                                     Wayne CC: 11-000851-FH

GIOVANNI NACCARATO,
           Defendant-Appellant.

_____/

By order of April 2, 2019, the application for leave to appeal the May 1, 2018 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Dixon-Bey* (Docket No. 156746). On order of the Court, leave to appeal having been denied in *Dixon-Bey* on July 29, 2019, 504 Mich ___ (2019), the application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the Court of Appeals judgment finding that the trial court failed to explain why the extent of the guidelines departure was warranted, and remanding this case to the trial court for resentencing. The trial court adequately explained why, in light of mitigating circumstances surrounding the offense and the offender, a sentence of probation would be more proportionate than a sentence of incarceration. The principle of proportionality was satisfied and the trial court did not abuse its discretion.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order reversing the Court of Appeals judgment and reinstating defendant's sentence of three years of probation. Defendant here pleaded no contest to four counts of burning a dwelling house, burning insured property, and burning personal property valued at more than $1,000 but less than $20,000. The trial court departed downwardly from the applicable guidelines range (51 to 85 months) and sentenced defendant to three years of probation. On two previous occasions, the Court of Appeals vacated defendant's sentence and remanded to the trial court for resentencing, and each time the trial court reimposed the same sentence (three years of probation). The Court of Appeals has once again vacated defendant's sentence and remanded for resentencing.

The trial court's reasons for the departure were: defendant's age (41 at the time of the offense); his college education; his engineering career; his volunteer work in the community, his lack of prior criminal history, his good behavior subsequent to the fire;

his compliance with conditions of probation; his satisfaction of his restitution obligation; character letters submitted by family, friends, and former tenants; his efforts to evaluate the building before setting it ablaze; and the fact that he himself suffered third-degree burns that hospitalized him for six weeks.

While the reasons cited by the trial court, in my judgment, justify *some* departure, the question before this Court is whether they justify the *specific* departure imposed by the trial court. The guidelines called for a prison sentence of 51 to 85 months, and the trial court imposed three years of probation. Defendant started an apartment building that he owned on fire so that he could collect the insurance money. This was a serious crime and, although defendant attempted to ensure that the building was empty before he started the fire, he nevertheless placed a number of people in danger of harm and a firefighter was, in fact, injured. He also lied to the firefighters arriving on the scene and sought to blame the fire on a "black man" he had supposedly seen fleeing from the building. The trial court here did not adequately explain why these facts alone did not justify at least some period of incarceration. Because I do not believe the Court of Appeals abused its discretion in vacating defendant's sentence and remanding for resentencing, I would deny leave to appeal.

CLEMENT, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 6, 2019



Clerk

t1203